# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JORGE MARTINEZ, | ) |
|     Defendant-Movant, | ) |
| | )   (No. 3:03-CR-0188-N) |
| v. | )   No. 3:07-CV-1242-N |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff-Respondent. | ) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the United States District Court for the Northern District of Texas, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the magistrate judge follow:

## FINDINGS AND CONCLUSIONS

Jorge Martinez ("Movant") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant is a federal prisoner currently incarcerated in a federal correctional institution. Respondent is the United States of America ("Respondent").

## STATEMENT OF THE CASE

On April 20, 2004, Movant was charged in a one-count superseding indictment with possession with intent to distribute and to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)). On May 25, 2004, a jury found him guilty. On December 6, 2004, the District Court sentenced Movant to 292 months' imprisonment and a five-year term of supervised release. The Fifth Circuit Court of Appeals affirmed his conviction and sentence on July 24, 2006. Movant brought this § 2255 motion on July 13, 2007.

## STATEMENT OF THE CLAIMS

Movant claims that his sentence should be vacated because (1) his sentence under the then-mandatory United States Sentencing Guidelines violates *United States v. Booker*, 543 U.S. 220 (2005) and (2) the District Court's oral pronouncement of his sentence conflicts with the Court's written judgment.

## SCOPE OF REVIEW

The scope of post-conviction relief pursuant to 28 U.S.C. § 2255 is limited. Issues that have been raised and decided on appeal may not be considered in § 2255 motions. *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980). The statute affords judicial review only for constitutional errors and other issues that (1) could not have been raised on direct appeal and (2) will result in a miscarriage of justice if left unaddressed. *See United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994).

## EXAMINATION OF THE CLAIMS

Respondent contends that the Fifth Circuit Court of Appeals affirmed the judgment in this case based on the same claims that Movant attempts to raise in his § 2255 motion. (Resp't Mem. at 2.) Grounds previously litigated and rejected on direct appeal, cannot be re-urged in a post conviction § 2255 motion. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). On appeal, the Fifth Circuit Court of Appeals considered whether Movant's claimed *Booker* error was harmless beyond a reasonable doubt. *United States v. Martinez*, No. 04-11359 at 5 (5th Cir. July 24, 2006)(unpublished). The appellate court held that "the Government satisfied its burden to show the Booker error was harmless." *Id*. With respect to Movant's second claim which he also raised on appeal, the appellate court held that

no conflict existed between the oral pronouncement and the written judgment, stating: "each sentence was the same." *Id*. at 6.  Thus, Movant's § 2255 motion does not present any cognizable claim for collateral relief and should be denied.

## **RECOMMENDATION**

This Court hereby recommends that Movant's motion to vacate, set aside, or modify his conviction and sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed, October 26, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# **INSTRUCTIONS FOR SERVICE AND**
# **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).